UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AUBREY W. DAVIS, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| S&B ENGINEERS AND CONSTRUCTORS, | § | |
| LTD., VESTEK INDUSTRIES, LLC, | § | |
| ALAN KONIECZKA, and JEFFREY | § | JURY TRIAL DEMANDED |
| GILGENBACH, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Aubrey W. Davis, Kathi L. Goedrich, Eduardo H. Ramirez, Rodrigo F. Portillo, Homero A. Cavazos Morales, Tuong T. Cao, Randy L. Trexler, Orlando Lopez, Basu D. Paudel, Bradley J. Green, David E. Tilley, Laura O. Plata, Murry C. Lantz, Rachel E. Arias, Ratna P. Niraula, Sanjay S. Basnet, Terry L. Vinson, Rolando R. Hernandez, Jesus M. Cerda, Gary L. Langford, Humberto F. Witrago, Jaime D. Mendoza, Jose F. Witrago, Roel Cantu, Eduardo Ramirez, Dallas S. Martinez, Christopher M. Willcutt, Ricardo C. Castillo, Eli J. Villanueva, Jose J. Collazo, Jaime R. Hernandez, Jose Carmelo Rodriguez, Francisco J. Gonzalez, Eriberto Sierra, Carlos A. Villacorta, Lorenzo Gonzalez Jr., Juan C. Mora Delgado, Joe C. Cubbage, Ricardo Lopez, Oscar G. Pescador, Francisco M. Gonazalez Flores, Jesus M. Montemayor Jr., Daniel Rodriguez, Fracisco V. Bernal Martinez, Yonathan H. Rios, Randy W. Clark, Jason R. Friedman, Thanh M. Huynh, Jose G. Jiminez, Kathlene Luevanos, Kevin E. Almontes, Jordanis R. Santana, Carlos E. Martinez, Vicente T. Morales, Luis G. Jimenez Jaime, Seveion Cardoza Jr., Henry T. Millan, Alma May, Jose J. Collazo, Jr., Krystal R. McGuire, Raymond L. Gilmer, Teran G. Luis Jose, Abraham R. Ayala, Jesus M. Montemayor, Jose M.

Banuelos Garcia, Benjamin W. Taylor, Jose I. Calderon Razo, Ignacio Sierra, Edgar N. Aguilera, Alfredo C. Garza, and Hugo M. Arias (hereinafter, collectively, "Plaintiffs"), and files this their Original Complaint and Jury Demand against Defendants S&B Engineers and Constructors, Ltd. ("S&B"), Vestek Industries, LLC ("Vestek"), Alan Konieczka ("Konieczka"), and Jeffrey Gilgenbach ("Gilgenbach") (hereinafter, collectively, "Defendants") and, in support of same, hereby allege and state the following:

## I.
## INTRODUCTION

1.      Defendants S&B, Vestek, Konieczka, and Gilgenbach have violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay, and after demand refusing to pay back pay and overtime pay for hours worked by Plaintiffs.  At all relevant times, Defendants were joint employers of Plaintiffs under Section 203(d) of the FLSA.  As such, Defendants are liable to Plaintiffs for all actual damages, statutory damages, attorneys' fees, expenses, and costs available under 29 U.S.C. § 216(b).  Defendant S&B is further liable to Plaintiffs for additional damages caused by its tortious interference with Plaintiffs' contracts with their former employer.

## II.
## PARTIES

2.      Plaintiff Aubrey W. Davis is a natural person who resides in Brazoria County, Texas.

3.      Plaintiff Kathi L. Goedrich is a natural person who resides in Chambers County, Texas.

4.      Plaintiff Eduardo H. Ramirez is a natural person who resides in Harris County, Texas.

2

5.      Plainitiff Rodrigo F. Portillo is a natural person who resides in Liberty County, Texas.

6.      Plaintiff Homero A. Cavazos Morales is a natural person who resides in Harris County, Texas.

7.      Plaintiff Tuong T. Cao is a natural person who resides in Harris County, Texas.

8.      Plaintiff Randy L. Trexler is a natural person who resides in Harris County, Texas.

9.      Plaintiff Orlando Lopez is a natural person who resides in Harris County, Texas.

10.     Plaintiff Basu D. Paudel is a natural person who resides in Harris County, Texas.

11.     Plaintiff Bradley J. Green is a natural person who resides in Harris County, Texas.

12.     Plaintiff David E. Tilley is a natural person who resides in Galveston County, Texas.

13.     Plaintiff Laura O. Plata is a natural person who resides in Harris County, Texas.

14.     Plaintiff Murry C. Lantz is a natural person who resides in Harris County, Texas.

15.     Plaintiff Rachel E. Arias is a natural person who resides in Galveston County, Texas.

16.     Plaintiff Ratna P. Niraula is a natural person who resides in Harris County, Texas.

17.     Plaintiff Sanjay S. Basnet is a natural person who resides in Fort Bend County, Texas.

18.     Plaintiff Terry L. Vinson is a natural person who resides in Brazoria County, Texas.

19.     Plaintiff Rolando R. Hernandez is a natural person who resides in Harris County, Texas.

20.     Plaintiff Jesus M. Cerda is a natural person who resides in Harris County, Texas.

21.     Plaintiff Gary L. Langford is a natural person who resides in Harris County, Texas.

22.     Plaintiff Humberto F. Witrago is a natural person who resides in Brazoria County, Texas.

23.     Plaintiff Jaime D. Mendoza is a natural person who resides in Harris County, Texas.

24.     Plaintiff Jose F. Witrago is a natural person who resides in Brazoria County, Texas.

25.     Plaintiff Roel Cantu is a natural person who resides in Harris County, Texas.

26.     Plaintiff Eduardo Ramirez is a natural person who resides in Harris County, Texas.

27.     Plaintiff Dallas S. Martinez is a natural person who resides in Galveston County, Texas.

28.     Plaintiff Christopher M. Willcutt is a natural person who resides in Brazoria County, Texas.

29.     Plaintiff Ricardo C. Castillo is a natural person who resides in Harris County, Texas.

30.     Plaintiff Eli J. Villanueva is a natural person who resides in Harris County, Texas.

31,     Plaintiff Jose J. Collazo is a natural person who resides in Harris County, Texas.

32.     Plaintiff Jaime R. Hernandez is a natural person who resides in Harris County, Texas.

33.     Plaintiff Jose Carmelo Rodriguez is a natural person who resides in Harris County, Texas.

34.     Plaintiff Francisco J. Gonzalez is a natural person who resides in Harris County, Texas.

35.     Plaintiff Eriberto Sierra is a natural person who resides in Harris County, Texas.

36.     Plaintiff Carlos A. Villacorta is a natural person who resides in Harris County, Texas.

4

37.     Plaintiff Lorenzo Gonzalez Jr. is a natural person who resides in Harris County, Texas.

38.     Plaintiff Juan C. Mora Delgado is a natural person who resides in Brazoria County, Texas.

39.     Plaintiff Joe C. Cubbage is a natural person who resides in Harris County, Texas.

40.     Plaintiff Ricardo Lopez is a natural person who resides in Harris County, Texas.

41.     Plaintiff Oscar G. Pescador is a natural person who resides in Harris County, Texas.

42.     Plaintiff Francisco M. Gonazalez Flores is a natural person who resides in Harris County, Texas.

43.     Plaintiff Jesus M. Montemayor Jr. is a natural person who resides in Harris County, Texas.

44.     Plaintiff Daniel Rodriguez is a natural person who resides in Harris County, Texas.

45.     Plaintiff Francisco V. Bernal Martinez is a natural person who resides in Harris County, Texas.

46.     Plaintiff Yonathan H. Rios is a natural person who resides in Harris County, Texas.

47.     Plaintiff Randy W. Clark is a natural person who resides in Fort Bend County, Texas.

48.     Plaintiff Jason R. Friedman is a natural person who resides in Fort Bend County, Texas.

49.     Plaintiff Thanh M. Huynh is a natural person who resides in Harris County, Texas.

50.     Plaintiff Jose G. Jiminez is a natural person who resides in Harris County, Texas.

51.     Plaintiff Kathlene Luevanos is a natural person who resides in Harris County, Texas.

52.     Plaintiff Kevin E. Almontes is a natural person who resides in Harris County, Texas.

53.     Plaintiff Jordanis R. Santana is a natural person who resides in Harris County, Texas.

54.     Plaintiff Carlos E. Martinez is a natural person who resides in Harris County, Texas.

55.     Plaintiff Vicente T. Morales is a natural person who resides in Harris County, Texas.

56.     Plaintiff Luis G. Jimenez Jaime is a natural person who resides in Harris County, Texas.

57.     Plaintiff Seveion Cardoza Jr. is a natural person who resides in Harris County, Texas.

58.     Plaintiff Henry T. Millan is a natural person who resides in Harris County, Texas.

59.     Plaintiff Alma May is a natural person who resides in Harris County, Texas.

60.     Plaintiff Jose J. Collazo, Jr. is a natural person who resides in Harris County, Texas.

61.     Plaintiff Krystal R. McGuire is a natural person who resides in Harris County, Texas.

62.     Plaintiff Raymond L. Gilmer is a natural person who resides in Chambers County, Texas.

63.     Plaintiff Teran G. Luis Jose is a natural person who resides in Harris County, Texas.

64.     Plaintiff Abraham R. Ayala is a natural person who resides in Harris County, Texas.

65.     Plaintiff Jesus M. Montemayor is a natural person who resides in Harris County, Texas.

66.     Plaintiff Jose M. Banuelos Garcia is a natural person who resides in Harris County, Texas.

67.     Plaintiff Benjamin W. Taylor is a natural person who resides in Harris County, Texas.

68.     Plaintiff Jose I. Calderon Razo is a natural person who resides in Brazoria County, Texas.

69.     Plaintiff Ignacio Sierra is a natural person who resides in Harris County, Texas.

70.     Plaintiff Edgar N. Aguilera is a natural person who resides in Harris County, Texas.

71.     Plaintiff Alfredo C. Garza is a natural person who resides in Harris County, Texas.

72.     Plaintiff Hugo M. Arias is a natural person who resides in Harris County, Texas.

73.     Defendant S&B Engineers and Constructors, Ltd. is a Texas limited partnership with its principal place of business in Harris County, Texas and can be served by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

74.     Defendant Vestek Industries, LLC is a Texas limited liability company with its principal place of business in Harris County, Texas and can be served by serving its Registered Agent, Registered Agent Solutions, Inc., 1701 Directors Blvd, Suite 300, Austin, Texas 78744.

75.     Defendant Alan Konieczka is a natural person who resides in Cook County, Illinois and can be served at 1365 Notre Dame Drive, Lemont, Illinois 60439-8531 or wherever he may be found.

76.     Defendant Jeffrey Gilgenbach is a natural person who resides in Harris County, Texas and can be served at 18618 Townbluff Drive, Cypress, Texas 77433-4872 or wherever he may be found.

### III.
### JURISDICTION AND VENUE

77.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as it involves claims presenting federal questions under the FLSA, 29 U.S.C. § 201, *et seq*.

78.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants S&B, Vestek, and Gilgenbach reside in this Judicial District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this Judicial District.

### IV.
### FACTS IN SUPPORT OF ALL CLAIMS

79.     For approximately 54 years, Gulfex Holdings, LLC ("Gulfex") was a custom metal fabricator that specialized in high quality custom pressure towers and vessels for use in the oil & gas industry.

80.     Plaintiffs were employed by Gulfex until March 26, 2020, when their employment with Gulfex was terminated by and through the authority of Defendants.  Subsequently, Gulfex filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Delaware.

81.     Upon information and belief, Gulfex was owned and controlled by several individuals and entities including Defendants Vestek, Koniescka, and Gilgenbach, the three of whom headed up the ownership group.  Since 2016, Vestek served as the parent company of Gulfex.  Koniescka was both a Director of Gulfex and CEO of Vestek, while Gilgenbach served as Vestek's CFO.  Koniescka and Gilgenbach were Vestek's only employees.

82.     Vestek, Konieczka, and Gilgenbach had complete authority and control over the funds available for Gulfex's payroll and operating costs.  Until December 2017, Gulfex was allowed to have a "regular" bank account with Academy Bank.  Plaintiffs had access to this

account and were able to view the account's balances, transactions, and related information.  In December 2017, Gilgenbach and Konieczka converted this account into a "factored" account with a rolling borrowing base.  After this conversion, Gulfex's management was no longer able to access the account to determine Gulfex's available balance.

83.     Vestek, Gilgenbach, and Konieczka had full control over all of Gulfex's funds—including the funds meant to be used for Gulfex's payroll.  Vestek, Gilgenbach, and Konieczka also determined what entity would be used to provide the funds for Gulfex's operations and payroll and did so without any input from Plaintiffs.  Indeed, Gulfex was not even allowed to pay its vendors or monthly bills without first getting the approval of Konieczka and Gilgenbach.

84.      Vestek, Gilgenbach, and Konieczka also exerted extensive control over Plaintiffs' employment with Gulfex.  Plaintiffs and Gulfex were under the direct supervision of Konieczka, who made weekly trips from Chicago to Houston to oversee the financials of Gulfex.  During the economic downturn of 2016, Konieczka instructed Gulfex to reduce the salaries of all salaried Plaintiffs.  At Konieczka's direction, these Plaintiffs' salaries were reduced by as much as 20%.

85.     In 2018, when the market improved, Konieczka directed the salaries of these Plaintiffs to be returned to their original levels.

86.     Further, between August 2019 and February 2020, several meetings took place in which Konieczka and Gilgenbach instructed Gulfex to terminate many of Gulfex's shop employees and salaried staff in order to reduce the company's overhead costs.

87.     On March 12, 2020, Konieczka instructed Plaintiff Aubrey Davis (the President of Gulfex) to terminate an additional 18 to 20 shop employees and 5 staff employees.  Konieczka further instructed Aubrey Davis to reduce the schedules of all of its shop employees to a maximum of 40 hours or less.

88.     Vestek, Gilgenbach, and Konieczka also controlled what bonuses could be paid to the employees of Gulfex.  In order for bonuses to be paid, Plaintiff Aubrey Davis was required to complete a table of proposed bonuses for the employees of Gulfex for Konieczka to review and approve.  Further, Konieczka himself made the sole determination as to what the bonus to Plaintiff Aubrey Davis, President of Gulfex, would be.

89.     From time to time, Gilgenbach and Konieczka took even more direct control over the hiring and firing of the employees of Gulfex.  In 2018, Gilgenbach and Konieczka hired an accountant, put her on Gulfex's payroll, and provided her with an office in Gulfex's building.  The accountant's salary and benefits were negotiated solely by Gilgenbach and Konieczka with no involvement whatsoever from any Gulfex employee.  Konieczka eventually made the decision to terminate Gulfex's accountant due to poor performance.

90.     In 2019, after Gulfex's Accounts Payable Clerk was terminated pursuant to Gilgenbach's instruction, Gilgenbach and Konieczka initiated the search for a replacement and even conducted the interviews of potential candidates themselves.  Plaintiff Aubrey Davis was instructed to choose between two candidates that had been hand selected by Gilgenbach and Konieczka.

91.     Also in 2019, Konieczka hired a consulting firm to assess the overall functioning of Gulfex.  As a result, Konieczka instructed Gulfex's President to purchase a new scheduling program and hire an experienced scheduler to run the program.  Konieczka instructed Aubrey Davis to limit the scheduler's salary to a maximum of $80,000.00.

92.     Additionally, Vestek, Konieczka, and Gilgenbach maintained the employment records of Gulfex.  Although hard copies of these records were kept on the premises of Gulfex; Vestek, Konieczka, and Gilgenbach had access to these records through electronic means and were

also the ones who were primarily in charge of negotiating and determining the annual medical insurance benefits that would be provided to Plaintiffs.

93.     Konieczka further took the lead in changing the provider of Gulfex's 401k program provider.  Konieczka ultimately decided to transfer Plaintiffs' 401k program from John Hancock to Transamerica.

94.     Defendant S&B is an EPC firm that provides engineering, procurement, construction and fabrication services.  S&B provides these services to multiple industries, including the fractionation, pipeline, import/export terminal, petrochemical, and refining industries.

95.     On or about February 2020, Vestek, Konieczka, and Gilgenbach reached an agreement with S&B in which S&B would become the primary lender for Gulfex.  During this time, S&B was in charge of several fabrication projects which involved Gulfex.  Because Gulfex's previous lender had decided to cease any further funding of the company, it was in S&B's interest to keep Gulfex afloat—at least long enough to complete the projects that S&B was already invested and involved in and to satisfy its contractual obligations to its customers.

96.     Upon information and belief, as part of its agreement to become Gulfex's primary lender, S&B required other investors such as Vestek to take a subordinated role to S&B in terms of control over Gulfex's funds.  This included S&B obtaining control over Gulfex's bank accounts.

97.     Along with Defendants Vestek, Konieczka, and Gilgenbach, Defendant S&B became directly involved in the business operations of Gulfex, including the determination of which of Gulfex's bills would be paid and which would not.  This also included S&B having full authority over Gulfex's payroll.  Unfortunately, upon information and belief, S&B looked out

primarily for its own interests and forced Gulfex to only pay vendors if their invoices were associated with S&B projects.

98.      On or about March 26, 2020, Defendants decided to cease the operations of Gulfex. S&B instructed Academy Bank to refuse a pending ACH that was meant to fund Gulfex's payroll payments to Plaintiffs. (Ex. A). Defendants then worked in conjunction with each other to shut down the operations of Gulfex and to order the termination of Plaintiffs' employment with Gulfex. In doing so, S&B made the determination that Plaintiffs' would not be paid their accumulated regular pay and overtime pay for hours worked, nor reimbursed for their accrued vacation time. Indeed, on March 12, 2020, S&B had apparently already made a determination that it did not believe it was obligated to pay Plaintiffs for their accumulated vacation pay. (Ex. B).  In making this determination, S&B apparently ignored Gulfex's written policy stating: "For employees terminated or exiting the company, any accumulated vacation days will be paid at the end of the next pay period."  (Ex. C).

99.      Importantly, the pending payroll ACH originally appeared on Plaintiffs' bank accounts and then subsequently was removed due to S&B's refusal to allow it.  S&B's demand that Academy Bank refuse the pending ACH for Gulfex's payroll resulted in several Plaintiffs incurring significant fees for insufficient funds.

100.     S&B instructed the bank to cancel the pending payroll ACH despite knowing that regular pay, overtime pay, and accumulated vacation pay was still owed to Plaintiffs.  Plaintiffs who worked on an hourly basis had worked from March 13, 2020 to March 20, 2020 and were to be paid for those hours on March 26, 2020.  Further, Plaintiffs working as Gulfex's office staff had worked from March 13, 2020 to March 27, 2020 and were to be paid for their time on March 31, 2020.

101.    As of the filing of this proceeding, Defendants have refused to pay Plaintiffs for their back pay, overtime, or accumulated vacation time.  The amount of back pay, overtime, and vacation pay owed to Plaintiffs totals $539,026.99.  Plaintiffs have also incurred additional damages, such as bank fees, due to the actions of Defendants.

**V.**
**CAUSES OF ACTION**

**A. VIOLATIONS OF SECTIONS 206 AND 207 OF THE FLSA (ALL DEFENDANTS)**

102.    Plaintiffs incorporate the foregoing as if set forth fully herein.

103.    The conduct of Defendants S&B, Vestek, Konieczka, and Gilgenbach violated Sections 206 and 207 of the FLSA, 29 U.S.C. § 201, *et seq*.  While working at Gulfex, Plaintiffs "engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 206(a). Defendants are "employers" of Plaintiffs according to the FLSA's definition of employer and have violated Sections 206 and 207 of the FLSA by refusing to pay the back pay and overtime that was owed to Plaintiffs.

104.    The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  The FLSA further defines a "person" as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."  29 U.S.C. § 203(a).  What constitutes an "employer" under the FLSA is further determined by whether the person:  (1) hires or fires employees; (2)  supervises and controls the work schedules or conditions of employment of employees to a substantial degree; (3) determines the rate and method of payment for employees; and (4) maintains the employment records of employees.  29 C.F.R. § 791.2(a)(1).

105.     As demonstrated above, Defendants S&B, Vestek, Konieczka, and Gilgenbach are employers under the FLSA's definition and, as employers, have violated Sections 206 and 207 of the FLSA by refusing to pay the back pay and overtime that was owed to Plaintiffs.  As such Defendants S&B, Vestek, Konieczka, and Gilgenbach are liable under the FLSA for: (1) Plaintiffs' unpaid back pay and overtime; (2) liquidated damages in an amount equal to the amount of the Plaintiffs' unpaid back pay and overtime; (3) legal or equitable relief as may be appropriate; and (4) Plaintiffs' reasonable attorneys' fees and costs.  29 U.S.C. § 216(b).

## B.  TORTIOUS INTERFERENCE WITH CONTRACTS (S&B)

106.     Plaintiffs had valid contractual agreements with Gulfex to receive certain pay rates and overtime pay in exchange for the work they performed.  These pay rates exceeded the minimum wage amount that is required by the FLSA.  Under these agreements, Plaintiffs were also entitled to be paid for any accumulated vacations days after their employment with Gulfex was terminated.  (Ex. B).

107.     S&B willfully and intentionally interfered with these contracts when it cancelled the ACH that was meant to pay Plaintiffs for their back pay, overtime, and accumulated vacation pay.  S&B's interference was a tortious and wrongful act.  Plaintiffs incurred actual damages in the amount of the back pay, overtime, and accumulated vacation pay that was owed to them. S&B's cancellation of the ACH was the proximate cause of Plaintiffs' damages.

## VI.
## DEMAND FOR JURY TRIAL

108.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

**VII.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants S&B

Engineers and Constructors, Ltd., Vestek Industries, LLC, Alan Konieczka, and Jeffrey

Gilgenbach be each cited to appear and file an answer herein as required by law, and that upon

final trial hereof, Plaintiffs be awarded judgment against Defendants for:

1.  All unpaid back pay, overtime pay, accumulated vacation pay, and consequential damages;

2.  Liquidated damages in an amount equal to Plaintiffs' unpaid back pay and overtime pay as provided by the FLSA;

3.  Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

4.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

5.  Such other and further relief, both general and special, at law or equity, to which Plaintiffs may show themselves justly entitled.

Dated:  June 3, 2020                    Respectfully Submitted,

 */s/ David M. Crimmins, II*_____
DAVID M. CRIMMINS, II
Texas Bar No. 24055360
S.D. Texas No. 867900
EWING & JONES, PLLC
Email: dcrimmins@ewingjones.com
6363 Woodway Drive, Suite 1000
Houston, Texas 77057
T:  (713) 590-9620

 */s/ Keith Jaasma*_____
KEITH JAASMA
Texas Bar No. 00794014
S.D. Texas No. 20586
EWING & JONES, PLLC
Email:  kjaasma@ewingjones.com
6363 Woodway Drive, Suite 1000
Houston, Texas 77057
T:  (713) 590-9675

**ATTORNEYS FOR PLAINTIFFS**

15